UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62353-Moreno/Seltzer

ALAN REDDISH, Individually

    Plaintiff,

vs.

LODKA HOUSE, INC.,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, LODKA HOUSE, INC. (hereinafter referred to as "LODKA" or "Defendant") by and through its undersigned counsel, hereby files and submits its Answer and Affirmative Defenses to the Complaint of the Plaintiff, ALAN REDDISH as follows:

Unnumbered Paragraphs preceding first numbered paragraph one (1) of the Complaint. Admitted for jurisdictional purposes only, but Defendant denies that it violated and laws labeled as ADA, ADAAG or the Florida Building Code. Plaintiff further denies that Plaintiff states or has grounds for any valid claim and/ or that Plaintiff is entitled to any relief whatsoever, and denies all remaining allegations contained in these unnumbered paragraphs and all inferences therefrom and demands strict proof thereof.

    1.    Admitted for jurisdictional purposes only.

    2.    SKIPPED IN COMPLAINT. Complaint contains no paragraph 2 and therefore no response it required.

    3.    Defendant lacks knowledge or information sufficient to form a belief as to the Plaintiff's disability and therefore denies the allegations contained in Paragraph 3 of the

Complaint and demands strict proof thereof.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant responds that the ADA and the regulations promulgated in accordance therewith speak for themselves, hence, require no response.

6. Defendant responds that the ADA and the regulations promulgated in accordance therewith speak for themselves, hence, require no response.

7. Defendant responds that the ADA and the regulations promulgated in accordance therewith speak for themselves, hence, require no response.

8. Defendant admits that the Property is a place of public accommodation that owns and/or leases and operates a place of lodging. Defendant also admits that it maintains a website for the Property which contains an online reservation system. All other allegations are denied and all inferences therefrom.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 9 and therefore denies the allegations contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 10 and therefore denies the allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 11 and therefore denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

12. Defendant denies that allegations contained in Paragraph 12 and all inferences therefrom and demands strict proof thereof.

13. Defendant denies that allegations contained in Paragraph 13 and all inferences therefrom and demands strict proof thereof.

14. Defendant denies that allegations contained in Paragraph 14 and all inferences therefrom and demands strict proof thereof.

15. Defendant denies that allegations contained in Paragraph 15 and all inferences therefrom and demands strict proof thereof.

16. Defendant denies that allegations contained in Paragraph 16 and all inferences therefrom and demands strict proof thereof.

17. Defendant denies that allegations contained in Paragraph 17 and all inferences therefrom and demands strict proof thereof.

18. Defendant denies that allegations contained in Paragraph 18 and all inferences therefrom and demands strict proof thereof.

19. Defendant denies that allegations contained in Paragraph 19 and all inferences therefrom and demands strict proof thereof.

20. Defendant denies that allegations contained in Paragraph 20 and all inferences therefrom and demands strict proof thereof.

21. Defendant denies that allegations contained in Paragraph 21 and all inferences therefrom and demands strict proof thereof.

22. Defendant denies that allegations contained in Paragraph 22 and all inferences therefrom and demands strict proof thereof.

23. Defendant denies that allegations contained in Paragraph 23 and all inferences therefrom and demands strict proof thereof.

24. Defendant denies that allegations contained in Paragraph 24 and all inferences

therefrom and demands strict proof thereof.

With regard to the Wherefore Clause in the Complaint, including all relief requested therein, the Defendant LODKA denies that any grounds exist for declaratory, injunctive, and or equitable relief against LODKA and for Plaintiff. LODKA further denies all captions, headings, titles, introductory paragraphs and allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing, both in his individual capacity and as a "tester." Plaintiff lacks standing to bring this action to seek injunctive relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of the Complaint. Plaintiff lacks standing to bring this action for relief against Defendant for purported discrimination and denial of access to facilities or portion of Defendant's facility (a) from which he did not seek access to or goods & services; (b) of which he had no knowledge of prior commencement of this action; and (c) which are not related to his disabilities. Plaintiff lacks standing in that he has not suffered a cognizable injury or damages in that he has never patronized or visited the property for his stated purpose and has no definite intention of patronizing or visiting the property for his stated purpose in the future and there is no case or controversy.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that LODKA provides goods and services to the public, or is otherwise not required as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that are not readily achievable or are technically infeasible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that would create an undue burden on LODKA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that would create a threat to the health and safety of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE

The modifications demanded by Plaintiff are subject to, and limited by, applicable local, state, or other laws, and, as such, may not be able to be performed, in whole or in part, or would be technically infeasible, assuming *arguendo* that such modifications would be otherwise required.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant intends to correct those conditions that Plaintiff complains of to the extent readily achievable and technically feasible thereby making it unlikely there will be any future discrimination. Once the corrections are complete, the case may be rendered moot and Plaintiff would not be entitled to relief including recovery of attorney's fees if Defendant removes all barriers from the facility prior to an alteration in the relationship of the parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to assert a connection between Defendant's lack of compliance and the benefit, goods, or services deprived to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

To the extent Defendant did not design, construct, build or modify the architectural barriers after the 1992 benchmark date for ADA regulation, Defendant is only required to "remove architectural barriers, and communication barriers that are structural in nature in existing facilities . . . where such removal is readily achievable."  42 U.S.C. §12181(b)(2).

### TENTH AFFIRMATIVE DEFENSE

The Defendant need not comply with the ADAAG for new construction because the Property that is the subject of this action and the barriers of which Plaintiff complains were built prior to the effective date of the ADA, i.e., prior to January 25, 1993; however, the regulation is relevant to existing construction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to challenge barriers in lodging establishments they did not visit prior to the filing of the initial complaint.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust all required administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff claims are moot.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under relevant ADA provisions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary or indispensable parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, with respect to any particular architectural element of any defendant lodging establishment that departs from accessibility guidelines, the lodging establishment has provided "equivalent facilitation" in the form of alternative designed and technologies that provide substantially equivalent or greater access to and usability of the facility.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed violation is "de minimus," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA are not "readily achievable", or easily accomplished and able to be carried out without difficulty or expense within the meaning of 42 U.S.C. §12181(9).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alterations made by operators of the lodging establishment are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C § 12183(a)(2).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant has made good faith efforts to comply with the ADA and Florida Statute §760, including providing appropriate alternative access.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the ADA and Florida Statute §760 are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of statutory minimum damages or penalties in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the Florida Constitution and the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is not legally responsible for property that is not within its possession, custody or control.

## CLAIM FOR ATTORNEYS' FEES

LODKA has retained the law firm of Barry M. Leff, P.A., and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, LODKA is entitled to recover attorneys' fees and costs incurred in this action.

## RESERVATION OF RIGHTS

LODKA reserves the right to amend and supplement its affirmative defenses as discovery progresses.

**WHEREFORE**, LODKA requests that the Complaint be dismissed with prejudice and that LODKA be awarded its costs and attorneys' fees incurred in defending this action and any such other relief as this Court deems just and proper.

Dated: November 14, 2018

                    Respectfully Submitted,

*/s/ Barry M. Leff*
Barry M Leff, Esq. BARRY M LEFF, P.A.
313 Hayes Street, Suite 111
Hollywood, FL 33019
Telephone: (516) 769-0202
Facsimile: (305) 503-7193 Florida Bar No.: 49005 Email:
lefflaw@gmail.com
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing was served on this 14th day of November via electronic mail to: Lauren N. Wassenberg, 1825 N.W Corporate Drive Suite 110, Boca Raton, FL 33431 wassenbergL@gmail.com .

*/s/ Barry M. Leff*
Barry M. Leff, Esq.
Barry M. Leff PA
Florida Bar No. 49005

## SERVICE LIST
CASE No.  18-cv-62353-Moreno/Seltzer
Reddish v. Lodka House, Inc.

Lauren Nicole Wassenberg
1825 NW Corporate Blvd
Suite 110
Boca Raton, FL 33431
Tel:  561-571-0646
Fax:  561-571-0647
wassenbergl@gmail.com
*Attorney for Plaintiff*